NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| HAILEY M., ) | |
| ) | Supreme Court No. S-15189 |
| Appellant, ) | |
| ) | Superior Court Nos. 3PA-11-00048/49 CN |
| v. ) | |
| ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT ) | AND JUDGMENT* |
| OF HEALTH & SOCIAL SERVICES, ) | |
| OFFICE OF CHILDREN'S SERVICES, ) | |
| ) | |
| Appellee. ) | No. 1478 - February 19, 2014 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Pat L. Douglass, Judge.

Appearances: J. Adam Bartlett, Anchorage, for Appellant. Ruth Botstein, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

1.      Hailey M.[1] appeals the trial court's termination of her parental rights to her two children. Hailey challenges the trial court's findings that (1) she did not remedy within a reasonable time the conduct or conditions that led to the children being

_____

\* Entered under Alaska Appellate Rule 214.

[1] A pseudonym is used for privacy protection.

in need of aid, and (2) State of Alaska, Department of Health and Social Services, Office of Children's Services (OCS) made reasonable efforts to reunify the family.[2] After reviewing the record under the applicable standards of review,[3] we find no merit to Hailey's challenges and therefore affirm the trial court's order terminating her parental rights to the children.

2. Hailey's challenge to the finding that she had not remedied within a reasonable time the conduct or conditions that rendered the children in need of aid is that, although she admittedly had not remedied those conditions by the time of trial, she should have been given another four to six months to demonstrate that she could turn her

---

[2] Under Alaska Child in Need of Aid (CINA) Rule 18(c), parental rights may be terminated at trial only if OCS shows the following by clear and convincing evidence: (1) the child has been subjected to conduct or conditions enumerated in AS 47.10.011; (2) the parent has not remedied the conduct or conditions that place the child at substantial risk of harm or has failed within a reasonable time to remedy the conduct or conditions so that the child would be at substantial risk of physical or mental injury if returned to the parent; and (3) reasonable efforts have been made to provide family support services designed to prevent the breakup of the family. OCS is also required to show by a preponderance of the evidence that the child's best interests would be served by termination of parental rights.

[3] Whether a parent failed to remedy conduct or the conditions that placed a child at substantial risk of harm is a factual finding. *Sherman B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 290 P.3d 421, 428 (Alaska 2012) (quoting *Pravat P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 249 P.3d 264, 273 (Alaska 2011)). Whether OCS made reasonable efforts to reunify a family is a mixed question of fact and law. *Id.* at 428 (citing *Christina J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 254 P.3d 1095, 1104 (Alaska 2011)). We will affirm factual findings that are not clearly erroneous. *Id.* at 427 (citing *Christina J.*, 254 P.3d at 1103). A finding is clearly erroneous if, after reviewing the entire record, the court feels definitely and firmly that the finding is mistaken. *Id.* at 427-28 (quoting *Barbara P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 234 P.3d 1245, 1253 (Alaska 2010)). We review legal questions de novo. *Id.* at 428 (citing *Christina J.*, 254 P.3d at 1104).

life around. But the evidence fully supports the trial court's determinations that: (1) Hailey had made little remedial effort in the two years after the children were removed from her home; (2) the likelihood of returning the children to Hailey within any reasonable time based on the children's needs was "minimal" given her history; and (3) the children needed stability immediately.

3. Hailey's challenge to OCS's reunification efforts is that her mental health conditions prevented her from participating in her case plan and that if OCS had properly addressed her "avoidance issues" earlier, then the rest of the case plan would have easily fallen into place. But there is no evidence in the record to support that assertion other than Hailey's own testimony — indeed, early expert recommendations for a psychiatric evaluation, counseling, and substance abuse assessments simply were not followed by Hailey. There is more than sufficient evidence in the record to support the finding that OCS made reasonable efforts to assist Hailey in reunifying with her children, to no avail.

4. Based on the foregoing, we AFFIRM the trial court's order terminating Hailey's parental rights to the children.